**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

                                                  **16-CR-132-V**

      **-v-**

**DAMAR CURRIE,**

        **Defendant.**
_____

**DECISION AND ORDER**

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions.  Dkt. #4.

**PRELIMINARY STATEMENT**

The defendant, Damar Currie ("the defendant"), is charged in a four-count Indictment with possession with intent to distribute and distribution of cocaine and cocaine base in violation of Title 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C). Dkt. #1.  On January 6, 2017, the defendant filed an omnibus discovery motion wherein he sought production and disclosure of various items.  Dkt. #8.  The government filed a response to these demands.  Dkt. #9.  At a proceeding on January 25, 2017, this Court denied nearly all of defendant's omnibus discovery demands, reserving decision on his request for a bill of particulars and for the identity of the informant.

## **DISCUSSION AND ANALYSIS**

**Request for a Bill of Particulars**

The function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged.  *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *Wong Tai v. United States*, 273 U.S. 77 (1927).

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused."  *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977).  "Whether to grant a bill of particulars rests within the sound discretion of the district court."  *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574.  "Acquisition of evidentiary detail is not the function of the bill of particulars."  *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36, 41 (2d Cir. 2010); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004).

The charges in the Indictment, along with the discovery materials provided or to be provided by the government, clearly inform the defendant of the essential facts of the crimes charged which involve a discrete number of drug transactions.  The

defendant is not entitled to, nor is he in need of, the "particulars" of his alleged crimes. Accordingly, the defendant's request for a bill of particulars is DENIED.

**Identity of the Informant**

The defendant requests that the government be ordered to identify the confidential informant involved in the controlled purchases underlying the Indictment. It is the defendant who bears the burden of showing that the disclosure of an informant's identity is necessary and that, absent disclosure, the defendant will be deprived of his right to a fair trial. *United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997). The defendant argues that the confidential informant participated in the alleged drug transactions and therefore, has material information. However, the informant's participation in the transactions does not compel disclosure of his identity absent some showing that his testimony would be material to the defense.

As the Second Circuit Court of Appeals held in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989):

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628.

The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id. See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).

The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973).

In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested. **But disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense.** *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lilla*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d

- 4 -

>167 (2d Cir. 1986) makes clear, **it is not sufficient to show that the informant was a participant in and witness to the crime charged.**
>
>In *Jimenez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case." 789 F.2d at 170.

*Saa*, 859 F.2d at 1073 (emphasis added); *see also Fields*, 113 F.3d at 324.

Since the defendant has not made a sufficient showing that the informant's potential testimony is material to his defense, his request is DENIED at this juncture.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with 28 U.S.C § 636(b)(1), Fed.R.Crim.P. 58(g)(2), and Rule 59 of the Local Rules of Criminal Procedure for the Western District of New York ("Local Rule Crim. Pro. 59").  Generally, "[w]hen a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision." *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988) (internal citations omitted).

All orders of the Magistrate Judge authorized by 28 U.S.C. § 636(b)(1)(A) shall be final unless a party timely files written objections. "The specific matters to which the party objects and the manner in which it is claimed that the order is clearly erroneous or contrary to law shall be clearly set out in the objections." Local Rule Crim. Pro. 59(c)(1).

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988). To ensure compliance, Local Rule Crim. Pro. 59 requires that "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge."

**Failure to comply with the provisions of Local Rule Crim. Pro. 59, may result in the District Judge's refusal to consider the objection.**

DATED:    March 24, 2017
          Buffalo, New York

                                        *S/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**